SELAH WHEADON

*v.*

THE PEORIA, PEKIN & JACKSONVILLE RAILROAD COMPANY.

1. PLEADING — *nul tiel corporation.* Where the plea of *nul tiel* corporation is filed to an action brought by a railway company, to recover, it must appear that the body has accepted the charter and complied with its terms and conditions, or had performed acts and exercised the corporate powers in such a manner as manifested an intention to accept the charter, and that the body had become organized. On the other hand, when no such acts are shown, but it appears that another company are in possession and exercising the franchises, the presumption will be indulged that the corporators had not organized the body.

2. SAME — *compliance with charter.* Where the charter for such a company requires the persons named as corporators to purchase the property and franchises of an existing road, as a condition precedent to their organizing as

a corporate body, it must, under the plea of *nul tiel* corporation, appear that the purchase was made, before they can recover the property which belongs to the previously existing company.

WRIT OF ERROR to the Circuit Court of Mason county; the Hon. JAMES HARRIOTT, Judge, presiding.

This was an action of replevin, brought by the Peoria, Pekin & Jacksonville Railroad Company, in the Mason Circuit Court, against Selah Wheadon, for the recovery of two box cars, valued at $1200. The declaration is in the usual form, and to it defendant filed the pleas of *non cepit* and *non detinet*, upon which issues were joined. Afterward defendant filed a plea of *nul tiel* corporation.

The cause was tried by the court, by consent, a jury having been waived by the parties. The court below found the issues for the plaintiffs, and defendant thereupon entered a motion for a new trial, which was overruled by the court and judgment rendered according to the finding. And he prosecutes this writ of error to reverse the judgment.

Messrs. L. LACEY & H. E. DUMMER, for the plaintiffs in error.

Messrs. JOHNSON, HOPKINS & CRATTY, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

There are several questions presented by this record, the principal of which, and the one we regard as decisive of the case, arises on the plea of *nul tiel* corporation. If no such body existed, and that is questioned by the plea, it then follows, there was no plaintiff in this action. There is no evidence in the record, that the persons named in the charter, authorizing them to organize and form the Peoria, Pekin & Jacksonville Railroad company, ever accepted the charter, complied with its terms and conditions, or did any act manifesting an intention to become a corporate body; or assumed to exercise any of the

franchises granted by the act of incorporation. On the other hand it does appear that another corporation had been in existence and to which a portion of the property in dispute had previously belonged. The second section of the act incorporating the Peoria, Pekin & Jacksonville Railroad company declares, that they shall have power to purchase and become the owners of the franchises, premises, property, real, personal and mixed, described in the first mortgage or deed of trust, executed by the Illinois River Railroad company to trustees, and to use and enjoy the same. And, upon receiving a proper transfer, conveyance and assignment of the same, the corporation thereby created are authorized thereupon to have, possess and be vested with, and lawfully to use, enjoy and exercise, any or all of the corporate powers, privileges, rights, immunities and franchises heretofore given or granted to the Illinois River Railroad company, under any act or acts of the general assembly. See Private Laws 1863, p. 234.

It will be observed, that, by this provision of the act of incorporation, it was a precedent condition to their exercising the rights and franchises the act proposed to confer, that the corporators should first purchase and become the owners of the franchises and property of the old company. The act did not confer these franchises and the property of the old company, but only authorized them to acquire them in the mode prescribed, and after thus acquiring them to use and enjoy them. And inasmuch as there is no evidence in this record that the purchase was ever made, defendants failed to show that they were either incorporated or that they owned the property. In the absence of proof of either fact under this plea, they were not entitled to recover, and the court below therefore erred in finding for defendants in error, and in overruling the motion for a new trial.

The judgment of the court below is therefore reversed and cause remanded.

*Judgment reversed.*